IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:16-CR-05041-MDH |
| ) | |
| CASEY ROBERT CAUDLE, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's Pro Se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on July 26, 2018 to 144 months imprisonment following a guilty plea for receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). (Doc. 43). Under 18 U.S.C. § 3582(c)(2), a Court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023 the Sentencing Commission promulgated Amendment 821, which, in relevant part, downgraded the number of criminal history points a defendant receives from two to one, when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). Moreover, under Amendment 821, unlike prior versions of USSG § 4A1.1, the additional point applies only to those who have at least seven criminal history points, independent of whether the defendant was under a criminal justice sentence at the time of the instant offense. *Id*. At the time of sentencing, Defendant received two additional criminal history points for committing the instant offense while under a criminal justice sentence. (Doc. 33 at ¶ 41). It is undisputed that, if sentenced

today under the amended § 4A1.1(e), Defendant would have received no additional criminal history points for committing the instant offense while under a criminal justice sentence, bringing his total criminal history points to four instead of six. Ultimately, however, this modification does not impact Defendant's criminal history category or guidelines rage under the Sentencing Commission's Sentencing Table. *See* USSG Ch. 5, Part A. Further, Defendant's current sentence was imposed subject to a statutory maximum of 240 months, lower than Defendant's guidelines range of 262-327 months both at the time of sentencing and now under Amendment 821. For these reasons, Defendant's Motion to Reduce Sentence is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 3, 2024                          */s/ Douglas Harpool*
                                                       **DOUGLAS HARPOOL**
                                                       **UNITED STATES DISTRICT JUDGE**